IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFREY S. RYAN, individually
and as successor-in-interest to
EL MORRO RANCHES, INC.,

    Plaintiff,

vs.                                                                      Civ. No. 99-1337 JP/RLP

LOUIS M. DRUXMAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant's Objections to Magistrate Judge's August 9, 2000 Order Granting Motion to Extend Expert Witness Deadline (Doc. No. 41) were filed on August 23, 2000. On July 24, 2000, the Plaintiff filed his Motion and Memorandum Brief to Extend Plaintiff's Expert Witness Report Deadlines (Doc. No. 26). The Plaintiff stated in that motion and brief that his deadline for expert witness reports needed to be extended because the Defendant had not yet been fully deposed and the Defendant had not produced all of the documents required to be disclosed under the initial disclosure rule, Fed. R. Civ. P. 26(a)(2). Having found good cause to extend the expert witness report deadline, Magistrate Judge Puglisi granted the Plaintiff's motion and extended the expert witness report deadline until after the Defendant is deposed. Order Granting Motion to Extend Expert Witness Deadline, filed Aug. 9, 2000 (Doc. No. 37).

The Defendant objects to Magistrate Judge Puglisi's Order under 28 U.S.C. §636(b)(1)(A) and Fed. R. Civ. P. 72(a). The Defendant argues that the Order is clearly erroneous or contrary to law. "A finding is 'clearly erroneous' when although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, *rehr'g denied*, 333 U.S. 869 (1948). In other words, the clearly erroneous standard requires that "'a decision must strike ... [the Court] as more than just maybe or probably wrong; it must strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P. A.*, 139 F.R.D. 401, 402 (D.N.M. 1991) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988), *cert. denied*, 493 U.S. 847 (1989)). The standard of review, however, when reviewing a question of law is *de novo*. *Weekoty v. United States*, 30 F.Supp.2d 1343, 1344 (D.N.M. 1998).

    The Defendant asserts that Magistrate Judge Puglisi should not have extended the expert report deadline for the Plaintiff's liability expert for the reasons stated in his Response to Plaintiff's Motion and Memorandum Brief to Extend Plaintiff's Expert Witness Report Deadlines, filed July 24, 2000 (Doc. No. 27). The Defendant also asserts that the Plaintiff does not need to have the Defendant's deposition completed before the Plaintiff's real estate and damages experts can prepare their expert reports. The Defendant states that his deposition testimony relates only to liability issues.

    The Defendant, however, fails to address Magistrate Judge Puglisi's apparent reliance on the Plaintiff's allegation that the Defendant has not made full initial disclosures. Moreover, the Defendant has not convinced me that his deposition testimony will relate solely to liability issues. For these reasons, I find that Magistrate Judge Puglisi's Order does not meet the unrefrigerated fish test and so is not clearly erroneous. Furthermore, having made a *de novo* review of Magistrate Judge Puglisi's legal conclusion that good cause exists to extend the expert witness

deadline, I find that Magistrate Judge Puglisi's Order is not contrary to the law. I, therefore, conclude that the Defendant's Objections are not well taken and I will affirm Magistrate Judge Puglisi's Order.

IT IS ORDERED that Defendant's Objections to Magistrate Judge's August 9, 2000 Order Granting Motion to Extend Expert Witness Deadline, filed August 23, 2000 (Doc. No. 41) are denied.

IT IS FURTHER ORDERED that Magistrate Judge Puglisi's August 9, 2000 Order Granting Motion to Extend Expert Witness Deadline is affirmed.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:	Benjamin Silva, Jr. and Richard A. Allen
	Silva, Rieder & Maestas
	Albuquerque, New Mexico

Counsel for Defendant:	R. Nelson Franse
	Rodey, Dickason, Sloan, Akin & Robb
	Albuquerque, New Mexico

3