IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFREY S. RYAN, individually
and as successor-in-interest to
EL MORRO RANCHES, INC.,

      Plaintiff,

vs.                                                Civ. No. 99-1337 JP/RLP

LOUIS M. DRUXMAN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

On July 25, 2000 the Plaintiff filed a Motion to File First Amended Complaint (Doc. No. 30). In his motion to amend the complaint, the Plaintiff seeks to (1) add as a defendant the professional corporation known as Louis M. Druxman, P.C.; (2) clarify that the Plaintiff is asking for punitive damages as well as treble damages under NMSA 1978, §36-2-17 (1909); (3) add a claim for aiding and abetting a breach of fiduciary duty under Count II; and (4) add a separate claim for unfair trade practices.

The Defendant does not object to adding Louis M. Druxman, P.C. as a defendant in this case. Response to Motion to File First Amended Complaint at 1, filed July 25, 2000 (Doc. No. 32). The Defendant also does not explicitly object to the Plaintiff's request to specifically seek punitive damages and treble damages under NMSA 1978, §36-2-17. I, therefore, find that the Defendant consents to allowing the Plaintiff to amend his complaint to add Louis M. Druxman, P.C. as a defendant and seek punitive damages as well as treble damages under NMSA 1978, §36-2-17.

The Defendant argues, however, that the Plaintiff's request to add claims for aiding and abetting a breach of fiduciary duty and unfair trade practices should be denied for essentially two reasons.  The Defendant contends first that the motion to amend is untimely.  He further contends that adding the claims for aiding and abetting a breach of fiduciary duty and unfair trade practices would be futile because those claims are time barred.  *See* Motion for Summary Judgment, filed May 15, 2000 (Doc. No. 12).

Although Fed. R. Civ. P. 15(a) requires that "leave shall be freely given" to amend a complaint, undue delay in filing a motion to amend is alone sufficient to deny leave to amend a complaint.  *First City Bank, N. A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987).  Prejudice to the opposing party need not be shown when the motion to amend is untimely.  *Id*.  Denial of a motion to amend for being untimely is especially appropriate "when the party filing the motion has no adequate explanation for the delay...."  *Frank v. U. S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)(citing *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).  In addition, "'[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'"  *Id*. at 1366 (quoting *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

The Initial Scheduling Order in this case ordered that any motions to amend pleadings be served five days prior to the Fed. R. Civ. P. 16 scheduling conference held on February 2, 2000.  Initial Scheduling Order at 2, filed Jan. 10, 2000 (Doc. No. 5).  The Plaintiff did not serve his motion to amend until approximately five months after this deadline.  The Plaintiff also did not ask the Court for any extensions of the deadline to serve motions to amend.  *See* Fed. R. Civ. P.

16(b)(an initial scheduling order "shall not be modified except upon a showing of good cause and by leave of the [Court]...."). Consequently, I find that the Plaintiff has failed to comply with an order of the Court by belatedly serving and filing his motion to amend. The motion to amend is untimely for this reason.

Furthermore, the Plaintiff has not provided me with an adequate explanation for the delay in filing this motion to amend. The Plaintiff's proposed claims of aiding and abetting a breach of fiduciary duty and unfair trade practices arise from the same factual bases which form the foundation for the Plaintiff's original claims. The Plaintiff knew or should have known of the factual bases for his proposed claims of aiding and abetting a breach of fiduciary duty and unfair trade practices at the time he filed his first complaint. The Plaintiff has not presented any reason to justify an untimely filing of his motion to amend. Accordingly, the Plaintiff's request to add the claims of aiding and abetting a breach of fiduciary duty and unfair trade practices is denied for that reason as well. Because untimeliness alone is a sufficient reason to deny a motion to amend, I find it unnecessary to address the Defendant's futility argument.

IT IS ORDERED that Plaintiff's Motion to File First Amended Complaint, filed July 25, 2000 (Doc. No. 30) is granted in part.

IT IS FURTHER ORDERED that the Plaintiff is permitted to file an amended complaint on or before September 28, 2000. The amended complaint will include Louis M. Druxman, P.C. as a defendant and request punitive damages as well as treble damages under NMSA 1978,

§36-2-17.

                                                                                _____
                                                  CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:       Benjamin Silva, Jr. and Richard A. Allen
                                   Silva, Rieder & Maestas
                                   Albuquerque, New Mexico

Counsel for Defendant:     R. Nelson Franse
                                   Rodey, Dickason, Sloan, Akin & Robb
                                   Albuquerque, New Mexico