IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFREY S. RYAN, individually
and as successor-in-interest to
EL MORRO RANCHES, INC.,

     Plaintiff,

vs.                                                Civ. No. 99-1337 JP/RLP

LOUIS M. DRUXMAN,

     Defendant.

MEMORANDUM OPINION AND ORDER

On June 7, 2000, the Plaintiff filed a Fed. R. Civ. P. 56(f) Motion in Opposition to Summary Judgment (Doc. No. 19). Attached to the Plaintiff's Rule 56(f) motion is an affidavit by Plaintiff's attorney, Benjamin Silva, Jr. Mr. Silva requests in his affidavit that the Court not rule on the pending motion for summary judgment until he obtains a report prepared by a real estate expert which addresses the issue of whether real estate can be sold for cash only if the land is free of all liens and encumbrances. The Plaintiff has since filed 1) a Rule 56(f) Supplemental Evidentiary Submission in Opposition to Defendant's Motion for Summary Judgment, filed June 27, 2000 (Doc. No. 24) containing an affidavit by Sonny Jim James, a former sales agent and corporate officer for El Morro Ranches, Inc.; and 2) Plaintiff's Second Rule 56(f) Supplemental Evidentiary Submission in Opposition to Defendant's Motion for Summary Judgment on Statute of Limitations, filed August 2, 2000 (Doc. No. 35) containing an affidavit by George Lambert, a real estate agent.

Under Rule 56(f), a party opposing a motion for summary judgment may request additional time to complete discovery on specified factual issues essential to opposing the motion for summary judgment. *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1521-22 (10th Cir. 1992). A Rule 56(f) motion should be treated liberally unless it is dilatory or without merit. *Id*. at 1522 (citation omitted). To obtain Rule 56(f) relief, the party opposing summary judgment must furnish an affidavit identifying the probable facts that are not available, listing the steps taken to obtain these facts, and explaining "'how additional time will enable [the nonmovant] to rebut movant's allegations of no genuine issue of fact.'" *Id*. (citations omitted). "Rule 56(f) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable...." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).

Mr. Silva explained in his affidavit what facts he expected his real estate expert to include in his report. At the time Mr. Silva completed his affidavit on April 10, 2000, the Plaintiff's expert reports were not due until May 31, 2000. Apparently Mr. Silva had not yet retained a real estate expert. Mr. Silva also explained in his affidavit that his real estate expert would rebut the Defendant's factual contention that since the Plaintiff was aware that El Morro Land Company, Ltd. intended to sell certain lots for cash in February 1989 he knew or should have known that those lots were held free and clear of the Candelaria Trust mortgage. The issue of whether the Plaintiff knew or should have known that the lots sold in February 1989 were unencumbered by a mortgage is material to the statute of limitations arguments raised in the Defendant's motion for summary judgment. Treating the Plaintiff's Rule 56(f) motion liberally, I find that Mr. Silva's affidavit is sufficient to allow the Plaintiff to provide real estate expert evidence in opposition to

the motion for summary judgment.

Assuming that the Rule 56(f) motion would be granted, the Plaintiff provided two affidavits in opposition to the motion for summary judgment. The James affidavit contains information from a fact witness, not a real estate expert. Moreover, this affidavit is untimely and could have been prepared prior to the Plaintiff's filing of his response to the motion for summary judgment. *See, e.g., Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994)(use of Rule 54(f) "requires due diligence ... in pursuing discovery before the summary judgment initiative surfaces"). Because the James affidavit does not fall within the parameters of the Plaintiff's Rule 56(f) motion and is untimely, I will not consider that affidavit in ruling on the motion for summary judgment.

Unlike the James affidavit, the Lambert affidavit was made by a purported real estate expert. The Lambert affidavit also addresses the factual issue of whether a sale of land for cash should alert a person that the land is unencumbered by a mortgage. In addition, the Lambert affidavit is timely because it was made prior to the expiration of the Plaintiff's expert report deadline. Since the Lambert affidavit falls within the parameters of the Rule 56(f) motion and is timely, I find that the affidavit is acceptable for consideration in deciding the motion for summary judgment.

IT IS ORDERED that Plaintiff's Fed. R.Civ. P. 56(f) Motion in Opposition to Summary Judgment (Doc. No. 19) is granted.

IT IS FURTHER ORDERED that the James affidavit will not be considered for summary judgment purposes while the Lambert affidavit will be considered for summary judgment

purposes.

                                                */s/ James A. Parker*
                                        CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:        Benjamin Silva, Jr. and Richard A. Allen
                                     Silva, Rieder & Maestas
                                     Albuquerque, New Mexico

Counsel for Defendant:      R. Nelson Franse
                                     Rodey, Dickason, Sloan, Akin & Robb
                                     Albuquerque, New Mexico